UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE
SITTING IN BANGOR, MAINE
_____

| | |
|---|---|
| ASAD U. KHAQAN, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>)<br>)<br>TOWN OF BUCKSPORT, )<br>LUKE CHIAVELLI CODE ENFORCEMENT )<br>OFFICER, )<br>PETER L. STEWART, PAUL A. BISSONETTE, )<br>EDWARD RANKIN, JR., MARK B. EASTMAN, )<br>STEVEN M. BISHOP, JAMES R. MORRISON )<br>AND DANIEL M. ORMSBYIN THEIR )<br>CAPACITY AS TOWN SELECTMEN )<br>    Defendants ) | **COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

NOW COMES the Plaintiff, Asad U. Khaqan, by and through counsel, Joseph M. Baldacci, Esq., of Baldacci, Sullivan, and Baldacci, and he alleges as follows:

1. Plaintiff is the owner of a motel business/establishment located at 196 U.S. Route 1 in Bucksport, County of Hancock, State of Maine. Plaintiff is a resident of the State of Maine.

2. The Town of Bucksport is a Maine town incorporated under the laws of Maine.

3. The Code Enforcement Officer of the Town of Bucksport is Luke Chiavelli.

4. The Town Selectmen of the Town of Bucksport are Peter L. Stewart, Paul A. Bissonette, Edward A. Rankin, Jr., Mark B. Eastman, Steven M. Bishop, James R. Morrison and Daniel M. Ormsby and they are being sued in their capacity as Town Selectman and will be referred to in the Complaint collectively as " Town Selectmen ".

**FACTS**

5. The Plaintiff repeats and realleges here all allegations contained in paragraphs 1-4 inclusive.

6. Plaintiff purchased the Property on which the Fountain Inn is located on March

1

30, 2018.

7. When Plaintiff purchased the Property, an entire wing of the Fountain Inn had recently been rebuilt with insurance money and, as part of the rebuild, was subject to review by multiple agencies, all of which provided approval.

8. Despite this fact, the Code Enforcement Officer ("CEO") for the Town took it upon himself—despite consistent statements from the State Fire Marshal's Office that they were happy with the progress Plaintiff was making at the Fountain Inn—to do all that was within his power to shut the Fountain Inn down and those actions continue to today..

9. The CEO, unhappy with the State Fire Marshal's acceptance of the progress and improvements being made by Plaintiff, attempted to take matters into his own hands.

10. The CEO demonstrated a refusal and/or inability to cooperatively work with Plaintiff and provided instructions to Plaintiff regarding necessary remedial actions, only to assert those very actions support finding the Fountain Inn constitutes a dangerous building.

11. The CEO has aggressively pursued inspections and alleged violations against Plaintiff, while not even following up on inspections of similarly situated businesses,after a letter was written in July 2020 stating an inspection was needed that summer.

12. The CEO made statements to public newspapers in advance of the Dangerous Buildings Hearing that even if an appeal of a determination by the Town Council that the Fountain Inn was a dangerous building were successful, he would go back and condemn the building again.

13. The photographs the CEO presented to the Town Council failed to display numerous remedial measures carried out by Plaintiff.

14. The Town Council did not provide Plaintiff an opportunity to review the evidence presented by the CEO—including the pictures mentioned above and refused to permit the Plaintiff to cross-examine and directly challenge or question the CEO.

15. Following the Decision, the CEO interfered with funding Plaintiff received for housing individuals at the Fountain Inn from January through March of 2021, thus interfering with Plaintiff's ability to fund any needed repairs and improvements to the property.

16. The CEO has confronted, attempted to intimidate, and turned away workers hired by Plaintiff to clean the Fountain Inn and better prepare it for any needed repairs

and improvements.

17. The CEO has made public, false statements about a lack of alleged progress at the Fountain Inn despite having been in touch with Plaintiff's contractor about work to be completed.

18. The CEO made racist comments about Plaintiff's ethnicity to Plaintiff's brother.The Plaintiff is ethnically an Indian from the County of India and he is Asian. One of the comments made referred to the brother as a " snake charmer".

19. The CEO has also provided conflicting instructions regarding fixes he requires for Property and has demonstrated an unwillingness to work with the Plaintiff.

20.  The CEO  has interfered with efforts to repair the Motel by turning away workers and/or instructing them that they lacked necessary protective gear/equipment.

21. The CEOhas made false statements that no work has been done to repair the Property and CEO has made efforts to persuade the Plaintiff and Plaintiff's contractor that things would go better if  they sold their property to a buyer the CEO had lined up.

22. The false and misleading statements, the discriminatory and disparate treatment, the constant harassment, and intentional interference with contractual relations all of which continue to this day has caused the Plaintiff to lose hundreds of thousands of dollars, if not more, in revenues and profits.

23. Applicants before a municipal agency and members of the public who oppose an application are entitled due process of law under the United States and Maine Constitutions. *Duffy v. Town of Berwick,* 2013 ME 105, ¶ 15, 82 A.3d 148; see U.S. Const, amend. XTV § 1; Me. Const, art. I, § 6-A. For adjudicatory hearings, due process generally requires: notice of the issues, an opportunity to be heard, the right to introduce evidence and present witnesses, the right to respond to claims and evidence, and an impartial fact finder. *Jitsseaume v. Ducatt,* 2011 ME 43, ¶ 12, 15 A.3d 714. Other than the notice of the issues, none of the requirements of due process were in any meaningful way met in this case.

24. The conduct of the Defendants' shocks the conscience of a decent society. Town selectmen and the Town declared Plaintiff's property " dangerous " and conspired with the Defendant CEO to ensure the Plaintiff's business was shut down.

25. The conduct of the Defendants' is part of a pattern or practice of rules and procedure condoned by the Town of Bucksport; and has been condoned by the Town Selectmen.

26. At all relevant times herein the Defendants' were acting under the authority of

law.

## JURISDICTION

Jurisdiction is proper in this Court pursuant to : 42 U.S.C, Section 1983, the Equal Protection Clause of the 14th Amendment of the U.S. Constitution, and the Due Process Clause of the 14th Amendment of the U.S. Constitution. This Court has supplemental jurisdiction of all additional claims included herein, as provided by 28 U.S.C. Section 1331.

## VENUE

Venue for this matter is proper in the U.S. District Court for the District of Maine sitting in Bangor pursuant to 28 U.S.C. Section 1391.

## COUNT I
## VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE U.S. CONSTITUTION

27. The Plaintiff repeats and realleges here all allegations contained in all preceding paragraphs.

28. The Defendants have violated the Plaintiff's rights under the U.S. Constitution to the equal protection of the laws.

29. The actions of the Defendants have caused grievous injury to the Plaintiff and has caused the Plaintiff to lose hundreds of thousands of dollars, if not more, in revenues and profits.

WHEREFORE, the Plaintiff asks this Honorable Court to enter judgment in his favor and to award the Plaintiff all damages allowed by law, including all court costs and reasonable attorneys fees.

## COUNT II
## VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE MAINE CONSTITUTION

30. The Plaintiff repeats and realleges here all allegations contained in all preceding paragraphs .

31. The Defendants' conduct has violated the rights of the Plaintiff under the Constitution of the State of Maine.

32. The actions of the Defendants have caused grievous injury to the Plaintiff and

has caused the Plaintiff to lose hundreds of thousands of dollars, if not more, in revenues and profits.

WHEREFORE, the Plaintiff asks this Honorable Court to enter judgment in his favor and to award the Plaintiff all damages allowed by law, including all court costs and reasonable attorneys fees.

## COUNT III
## VIOLATION OF THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION

33. The Plaintiff repeats and realleges here all allegations contained in all preceding paragraphs inclusive.

34. The Defendants' conduct have violated the rights of the Plaintiff to the due process of law pursuant to the Fourteenth Amendment of the U.S. Constitution.

35. The actions of the Defendants have caused grievous injury to the Plaintiff and has caused the Plaintiff to lose hundreds of thousands of dollars, if not more, in revenues and profits.

WHEREFORE, the Plaintiff asks this Honorable Court to enter judgment in his favor and to award the Plaintiff all damages allowed by law, including all court costs and reasonable attorneys fees.

## COUNT IV
## VIOLATION OF THE DUE PROCESS CLAUSE OF THE MAINE CONSTITUTION

36. The Plaintiff repeats and realleges here all allegations contained in paragraphs inclusive.

37. The Defendants' conduct have violated the rights of the Plaintiff to the due process of law pursuant to the Maine Constitution.

38. The actions of the Defendants have caused grievous injury to the Plaintiff and has caused the Plaintiff to lose hundreds of thousands of dollars, if not more, in revenues and profits.

WHEREFORE, the Plaintiff asks this Honorable Court to enter judgment in his favor and to award the Plaintiff all damages allowed by law, including all court costs and reasonable attorneys fees.

## COUNT V
## VIOLATION OF THE FEDERAL CIVIL RIGHTS OF THE PLAINTIFF
## 42 U.S.C. SECTION 1983

39. The Plaintiff repeats and realleges here all allegations contained in paragraphs inclusive.

40. The conduct of the Defendants to deprive the Plaintiff of his civil rights and his freedom to operate a business has inflicted a large financial toll on the Plaintiff and caused the Plaintiff to lose hundreds of thousands, if not more in revenues and profits.

WHEREFORE, the Plaintiff asks this Honorable Court to enter judgment in his favor and to award the Plaintiff all damages allowed by law, including all court costs and reasonable attorneys fees.

## COUNT VI
## VIOLATION OF THE CIVIL RIGHTS OF THE PLAINTIFF
## MAINE CIVIL RIGHTS ACT TITLE 5 M.R.S. SECTION 4682

41. The Plaintiff repeats and realleges here all allegations contained in paragraphs inclusive.

42. The conduct of the Defendants to deprive the Plaintiff of his civil rights and his freedom to operate a business has inflicted a large financial toll on the Plaintiff and caused the Plaintiff to lose hundreds of thousands, if not more in revenues and profits.

WHEREFORE, the Plaintiff asks this Honorable Court to enter judgment in his favor and to award the Plaintiff all damages allowed by law, including all court costs and reasonable attorneys fees.

## COUNT VII
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

43. The Plaintiff repeats and realleges here all allegations contained in paragraphs inclusive.

44. The Defendants deliberately and collectively, in concert with each other, sought to interfere with the Plaintiff's right to operate a business, to obtain workers and to invite guests to rent rooms.

45. The actions of the Defendants have caused grievous injury to the Plaintiff and has caused the Plaintiff to lose hundreds of thousands of dollars, if not more, in revenues and profits.

WHEREFORE, the Plaintiff asks this Honorable Court to enter judgment in his favor and to award the Plaintiff all damages allowed by law, including all court costs and reasonable attorneys fees.

## COUNT VIII
## HARASSMENT —--- MAINE CIVIL RIGHTS ACT

46. The Plaintiff repeats and realleges here all allegations contained in paragraphs inclusive.

47. The Defendants have repeatedly subjected the Plaintiff to bullying, intimidation and harassment throughout the above referenced events; all of which are violations of the Plaintiff's constitutional rights and violative of the Maine Civil Rights Act.

48. The actions of the Defendants have caused financial losses that included, but not limited to, the taking of their land and the demolition of the buildings thereon.

WHEREFORE, the Plaintiff asks this Honorable Court to enter judgment in his favor and to award the Plaintiff all damages allowed by law, including all court costs and reasonable attorneys fees.

## COUNT IX
## PUNITIVE DAMAGES

49. The Plaintiff repeats and realleges here all allegations contained in paragraphs inclusive.

50. The actions of the Defendants', in concert and individually, were done intentionally and with malice towards the Plaintiff.

51. In addition to all legally compensable damages the Plaintiff requests this Honorable Court to enter an award of punitive damages against all Defendants while acting under authority of law to ensure that this type of racial and ethnic discrimination is not inflicted by the Defendants upon other individuals.

WHEREFORE, the Plaintiff asks this Honorable Court to enter judgment in his favor and to award the Plaintiff all damages allowed by law, including all court costs and

reasonable attorneys fees.

Dated at Bangor, Maine.
April 7, 2023

          */s/ Joseph M. Baldacci*_____
          Joseph M. Baldacci, Esq., Bar# 7292
          Attorney for Plaintiff
          Law Offices of Baldacci, Sullivan & Baldacci
          6 State Street, Suite 605
          P.O. Box 1423
          Bangor, Maine 04402-1423
          Ph: (207) 945-3333 Fx: (207) 942-8271