UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ASAD U. KHAQAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23-cv-00162-JAW |
| | ) | |
| TOWN OF BUCKSPORT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO STAY PROCEEDINGS**

On April 7, 2023, Asad U. Khaqan filed a complaint against the town of Bucksport; Luke Chiavelli, in his capacity as Bucksport Code Enforcement Officer; and the seven Bucksport council members[1] (together, the Defendants), asserting claims under the federal and Maine Constitutions, the federal Civil Rights Act (42 U.S.C. § 1983), the Maine Civil Rights Act (5 M.R.S. § 4682), intentional interference with contractual relations, and punitive damages.[2] *Compl.* ¶¶ 27-51 (ECF No. 1). Mr. Khaqan based his claims on allegations that the Defendants, and especially Mr. Chiavelli, took actions and made public and private statements against the Fountain

---

[1] Mr. Khaqan's complaint refers to the "Town Selectmen of the Town of Bucksport." *Compl.* ¶ 4. In their motion to dismiss, the Defendants stated that Bucksport "has a Town Council and not a select board." *Defs.' Mot. to Dismiss* at 1 n.1 (ECF No. 15). In his reply, Mr. Khaqan did not respond to the Defendants' assertion and instead simply continued to refer to the Defendants as "Town Selectm[e]n". *Answer and Opp'n to the Defs.' Mot. to Dismiss* at 2 (ECF No. 19). The exact form of municipal government is not critical to the resolution of the present motion, but the Court has assumed that the town knows its own form of government and has opted to use town council or councilman, not board of selectman or selectmen.

[2] As the Court explained in its order on the motion to dismiss, "[p]unitive damages . . . do not constitute a separate cause of action, but instead form a remedy available for some tortious or otherwise unlawful acts." *Order on Mot. to Dismiss* at 39-40 (ECF No. 21) (quoting *S. Port Marine, LLC v. Gulf Oil Ltd. P'ship*, 234 F.3d 58, 64 (1st Cir. 2000) (emphasis in original)).

Inn, a motel business in the town of Bucksport owned by Mr. Khaqan, and against Mr. Khaqan himself based on his race.  *Id*.

On July 25, 2023, the Defendants filed a motion to dismiss for failure to state a claim.  *Defs.' Mot. to Dismiss Pursuant to F.[ ]R. Civ. P. 12(b)(6)* (ECF No. 15).  On February 20, 2024, the Court granted the motion to dismiss Mr. Khaqan's federal and state constitutional claims (Counts I-IV), claim of harassment pursuant to the Maine Civil Rights Act (Count VIII), and request for punitive damages (Count IX) with respect to all Defendants, while denying the motion to dismiss with respect to Mr. Khaqan's due process claims brought under federal and state law against all Defendants (Counts V, VI).  *Id.* at 15-40.  The Court further dismissed Mr. Khaqan's intentional interference with contractual relations claim (Count VII) against the town of Bucksport, while declining to dismiss the same with respect to the individual Defendants.  *Id.* at 31-35, 40-45.

On October 2, 2024, the Defendants filed an unopposed motion to stay proceedings pending resolution of a competing and potentially duplicative state court matter.  *Defs.' Unopposed Mot. to Stay Proc. Until Resol. of Competing State Ct. Matter* (ECF No. 28) (*Defs.' Unopposed Mot.*).  The Court held a telephonic conference of counsel on October 7, 2024, contemplating dismissing the case without prejudice pending resolution of the state case and ordering the parties to submit briefing on their preferred course forward by October 28, 2024.  *Min. Entry* (ECF No. 30).  Also on October 7, 2024, the Court temporarily stayed the case pending resolution of the unopposed motion to stay.  *Order* (ECF No. 31).  In compliance with the Court's order,

the Defendants filed a memorandum supporting their request to stay the case on October 28, 2024. *Defs.' Mem. of Law in Support of Mot. to Stay Proc.* (ECF No. 32) (*Defs.' Mem.*). That same day, Mr. Khaqan filed his own memorandum similarly indicating his support of staying this proceeding pending resolution of the state case. *Mem. of Law* (ECF No. 33) (*Pl.'s Mem.*). On December 9, 2024, the Court ordered the case temporarily stayed pending its ruling on the Defendants' unopposed motion to stay. *Order* (ECF No. 34). The Court issues the present order to resolve the motion to stay.

Each parties' memorandum urges the Court to retain jurisdiction of the case by framing the question as one of an invocation of the abstention doctrine. *See Defs.' Mem.* at 2-6; *Pl.'s Mem.* at 1-3. The Court does not doubt it has jurisdiction over this case; rather, the Court predicated its concerns on the need to maintain control over its docket. The Clerk's Office is required to periodically monitor progress in the case, and this Court must periodically account for lack of progress on its assigned cases, including stayed cases. The Court is thus reluctant to stay civil actions sine die, and, while the Defendants' unopposed motion notes "there will be an upcoming trial of fact" in the state proceeding, there is no time limit to the proposed stay order. *Defs.' Unopposed Mot.* at 2. Further, the state court deadlines may be subject to adjustment or appeal. Thus, to grant the parties' requested stay may be to retain a ghost case on this Court's docket for an indeterminate period.

However, as the parties agree that a stay pending resolution of the state proceedings would be the appropriate and economical remedy, the Court will not

3

exercise its discretion to interpose its own concerns and will instead, for the time being, stay the proceeding as requested. *See Huffmire v. Town of Boothbay*, 35 F. Supp. 2d 122, 134-35 (D. Me. 1999) (staying federal action pending resolution of state court proceedings in similar circumstances). That said, the Court expects the parties to provide regular updates to this Court indicating progress being made in the state proceeding. If the state court litigation persists, the Court may again ask why – in the absence of a statute of limitations issue – it should not dismiss the federal case without prejudice, allowing the plaintiff to refile any federally-cognizable claims not resolved by the state court.

Therefore, the Court GRANTS the Defendants' Unopposed Motion to Stay Proceedings Until Resolution of Competing State Court Matter (ECF No. 28).

The Court further ORDERS the parties to submit status reports every ninety days from the date of this order as to the status of *Asad U. Khaqan v. Town of Bucksport*, Docket No. AP-2021-0003 (Me. Super. Ct., Han. Cnty.) and, more generally, the status of the controversy among the parties.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of January, 2025